**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

September 10, 2020

9/18/2020
The Court understands that Ms. Spinelli will receive credit for her federal sentence regardless of where she is housed. The defendant's motion is denied without prejudice to its renewal if it appears Ms. Spinelli is not properly receiving credit for her time. SO ORDERED.

*Paul A. Crotty*

**VIA ECF**
Honorable Paul A. Crotty
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Spinelli*, 19-CR-414 (PAC)

Dear Judge Crotty:

  We represent defendant Doreen Spinelli in the above-captioned matter. Ms. Spinelli was sentenced by Your Honor on July 2, 2020 to 24 months' imprisonment after pleading guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(C). Ms. Spinelli was in the custody of the Metropolitan Detention Center in Brooklyn (and prior to that, the Metropolitan Correctional Center in Manhattan) for over a year pending her sentencing.

  However, about a month ago, Ms. Spinelli was inexplicably transferred to New Jersey's Essex County jail, despite having no pending cases or connection to this facility. Defense counsel has since confirmed that Ms. Spinelli was transferred there by the Bureau of Prisons (the "BOP") due to population issues at their own facilities, with Essex County operating as a subcontractor of the BOP. Ms. Spinelli's time in Essex County is difficult, as the facility is overcrowded and does not offer the programs (such as mental health counseling and substance abuse treatment) that Ms. Spinelli needs. It has been challenging for Ms. Spinelli – as well as defense counsel – to get in touch with anyone at the facility that has any information about her transfer. Most concerning, Essex County has claimed that they do not have a release date for Ms. Spinelli. In light of her prior time served pending sentencing, the calculation of Ms. Spinelli's release date, which is relatively soon, is an urgent matter. According to the BOP website, Ms. Spinelli is "not in BOP custody" (despite being detained by one of their subcontractors), which creates the potential issue of Ms. Spinelli's prison time not accurately being counted, if at all.

  We would also like to note that prior to Ms. Spinelli's transfer to Essex County in August, she was inexplicably transferred to Riker's Island for over a week. She was then transferred back to the Metropolitan Detention Center, upon the institution recognizing that the transfer was done in error.

  Overall, while we recognize the unprecedented housing issues facing the BOP in light of COVID-19, we submit Ms. Spinelli needs to be detained in an actual federal facility (not a

subcontractor) that can accurately calculate and track her release date so that she does not "fall between the cracks" any more than she already has. As such, we respectfully request that the Court order the United States Marshals and the Bureau of Prisons to transfer Ms. Spinelli back to either the Metropolitan Correctional Center or Metropolitan Detention Center if a designation to a federal penitentiary is not possible. We have consulted with the government and they do not object to this request.

    Thank you for your consideration.

                                                                                        Respectfully submitted,
                                                                                        /s/_____
                                                                                       John Meringolo, Esq.